UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-CV-20698-WILLIAMS/TORRES

JORGE DELGADO MEDINA,

    Plaintiff,

vs.

WATERFRONT CONSTRUCTION INC. and
JORGE RIVAS,

    Defendants.
_____/

## **AMENDED COMPLAINT FOR FLSA OVERTIME VIOLATION(S)**

Plaintiff, Jorge Delgado Medina, sues Defendants, Waterfront Construction Inc. and Jorge Rivas, as follows:

### *Parties, Jurisdiction, and Venue*

1.    **Plaintiff, Jorge Delgado Medina**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2.    Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3.    Plaintiff was a non-exempt employee of Defendants.

4.    Plaintiff consents to participate in this lawsuit.

5.    **Defendant, Waterfront Construction Inc. ("Waterfront Construction"),** is a *sui juris* Florida for-profit corporation that conducted its waterfront construction business in Miami-Dade County, Florida, at all times material, where it maintained its principal place of business.

6. **Defendant, Jorge Rivas,** was at all times material an owner/officer/director of Waterfront Construction, for the time period relevant to this lawsuit. He ran Waterfront Construction's day-to-day operations, supervised Plaintiff, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants, maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions were made in this District.

8. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

9. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

10. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### *Background Facts*

11. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

12. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

13. Defendants have been at all times material engaged in interstate commerce in the course of their provision of waterfront construction, contracting, and structures around a marina

which, traditionally, cannot be performed without using shingles, roof tiles, felt, tar, adhesives, fasteners, vehicles, wood, goods, materials, supplies, and equipment that have all moved through interstate commerce.

14. Defendants also engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors.

15. Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, regularly and recurrently use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

16. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

17. Defendants hired Plaintiff to perform labor for them.

18. During this time, Plaintiff regularly and routinely utilized vehicles, cellular telephones, vessels, fuel, oil, lubricants, and other goods and supplies that moved through interstate commerce.

19. Plaintiff worked for Defendants from about February 2018 to February 4, 2020.

20. Defendants did not make or maintain records of when Plaintiff started working for them, the times that Plaintiff started work each day, the times that Plaintiff stopped working each day, any breaks taken by Plaintiff, or even the days that Plaintiff worked for them.

21. Defendants started out by paying Plaintiff at a rate of $18.75 per hour, which they increased to $20.00 per hour for the pay period starting on May 2, 2018, and again increased to $21.00 per hour for the pay period starting on August 21, 2019.

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
tel 305.230.4884   fax 305.230.4844
www.fairlawattorney.com

22. Defendants paid Plaintiff for up to 40 hours per week, regardless the actual hours worked.

23. Defendants paid Plaintiff on a weekly basis by check.

24. Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendants.

25. Plaintiff worked for Defendants for an average of 65 hours per week.

### *Liability*

26. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half times his regular hourly rate(s) of pay for all of the hours that he worked over 40 hours in a given workweek.

27. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times his regular rate of pay for each of the overtime hours he worked during the relevant time period by paying Plaintiff for up to 40 hours each week without paying him overtime wages for any of the overtime hours he worked.

28. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which the deprived Plaintiff the overtime pay earned.

29. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours he worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
tel 305.230.4884   fax 305.230.4844
www.fairlawattorney.com

WHEREFORE Plaintiff, Jorge Delgado Medina, demands the entry of a judgment in his favor and against Defendants, Waterfront Construction Inc. and Jorge Rivas, jointly and severally after trial by jury, and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
tel 305.230.4884   fax 305.230.4844
www.fairlawattorney.com

## **DEMAND FOR JURY TRIAL**

Plaintiff, Jorge Delgado Medina, demands a trial by jury of all issues so triable.

Respectfully submitted this 8th day of March 2021,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
7300 North Kendall Drive
Suite 450
Miami, FL 33156
Tel: 305.230.4884
*Counsel for Plaintiff*
