UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-CV-20698-WILLIAMS/TORRES

JORGE DELGADO MEDINA,

    Plaintiff,

vs.

WATERFRONT CONSTRUCTION INC. and
JORGE RIVAS,

    Defendants.
_____/

## **JOINT PRETRIAL STIPULATION**

Plaintiff, Jorge Delgado Medina, and Defendants, Waterfront Construction Inc. and Jorge Rivas, through their respective counsel, pursuant to this Court's Order Setting Trial and Local Rule 16.1.E, file their Joint Pretrial Stipulation.

1.     STATEMENT OF THE CASE:

*Plaintiffs' Statement of the Case*

The Fair Labor Standards Act (the "FLSA") required Defendants to pay Mr. Delgado overtime wages at the rate of time and one-half of his regular rate(s) of pay when he worked more than 40 hours in a workweek. Mr. Delgado brought this lawsuit against Defendants, his former employers, because Defendants did not pay him for and did not consider as time worked all of the hours that he spent working for Defendants while performing tasks that were required of him by Defendants. Defendants made no attempt to record the times that Mr. Delgado or their other workers started and stopped working each day, despite the legal requirement to do so. Defendants knew that Mr. Delgado actually spent a significant amount of time working overtime each week, but failed and refused to pay him for the hours that he spent working beyond 40 hours in a

workweek. Defendants paid Mr. Delgado Medina for no more than 40 hours a week, and owe him a significant amount of money for the overtime wages that he earned but did not receive.

*Defendants' Statement of the Case*

Defendant Jorge Rivas ("Rivas") disputes that he was at any material time the employer of Plaintiff. Defendant Waterfront Construction, Inc. ("Waterfront") was Plaintiff's employer as defined by 29 U.S. C. §203(d). Rivas and Waterfront (together, the "Defendants") deny the allegations of Plaintiff's Complaint that are not otherwise admitted. Even if either of the Defendants, or both, are Plaintiff's employer as so defined, the Defendants deny that the Plaintiff worked beyond 40 hours in a work week, or that any overtime wages are owed. Defendants have raised affirmative defenses including failure to mitigate damages, estoppel waiver and unclean hands.

2. BASIS FOR FEDERAL JURISDICTION:

Federal jurisdiction in this matter is premised on 28 U.S.C. §1337 and by 29 U.S.C. §216(b).

3. PLEADINGS RAISING THE ISSUES:

The parties contend that the issues are raised by the following pleadings:

a. Plaintiff's Amended Complaint [ECF No. 37]; and

b. Defendants' Answer & Affirmative Defenses to the Amended Complaint [ECF No. (not yet due or filed)].

4. UNDISPOSED OF MOTIONS AND OTHER MATTERS REQUIRING ACTION BY THE COURT:

a. Plaintiff's Motion In Limine [ECF No. 38].

5. STATEMENT OF UNCONTESTED FACTS WHICH SHOULD REQUIRE NO PROOF AT TRIAL:

a. Plaintiff first started working at Waterfront in March 2018.

    b.    Waterfront was Plaintiff's employer for purposes of the FLSA.

    c.    Defendants did not document the times that Plaintiff started or stopped working each day.

    d.    Defendants classified and paid Plaintiff as an independent contractor at a rate of $150/day (or $750/week) from March 19, 2018 through April 27, 2018.

    e.    Plaintiff then began receiving paychecks issued by Southeast Personnel Leasing as of April 29, 2018 as an employee of Waterfront.

    f.    Plaintiff last worked at Waterfront on February 4, 2020.

    g.    Waterfront is in the business of performing demolition and disposal of seawalls, docks, and pilings in Miami-Dade and Monroe Counties.

    h.    Defendant, Jorge Rivas' father, Argelio Rivas, is a principal of Waterfront.

    i.    Defendant, Jorge Rivas, is an officer of Waterfront.

    j.    Defendant, Jorge Rivas, ran the day-to-day operations of Waterfront at all times material to this action.

    k.    The records produced by Southeast Personnel Leasing are true, accurate, and authentic.

6.    STATEMENT OF THE ISSUES OF FACT WHICH REMAIN TO BE LITIGATED AT TRIAL:

    a.    Whether Jorge Rivas was Plaintiff's statutory employer under the FLSA.

    b.    Whether Defendants jointly employed Plaintiffs under the FLSA.

    c.    Whether Plaintiff worked more than 40 hours per week .

    d.    The amount of overtime wages owed to Plaintiff, if any.

    e.    Whether Defendants intentionally or willfully failed to failed to pay Plaintiff the overtime wages that he earned.

 f. Whether Defendants knew or reasonably should have known of the hours that Plaintiff claims to have been working.

 g. Whether Defendants' practices were performed in good faith and Defendants had reasonable grounds for believe their act or omission was not a violation of the FLSA.

 h. Whether Defendants are entitled to offset monies or other consideration paid or provided to Plaintiff by Defendants for periods in which Plaintiff was not engaged to work.

 i. Whether this action is barred to the extent that the Plaintiff seeks recovery for time that is not compensable time, i.e., "hours worked" under the FLSA.

 j. Whether the alleged time for which Plaintiff seeks compensation is irregular as well as practically and administratively difficult to record.

 k. Whether the Plaintiff failed to take responsible steps to mitigate his damages.

 l. Whether the Plaintiff through representations or actions has waived his right to sue the Defendants for overtime pay or is estopped from recovering back pay or liquidated damages.

 m. Whether the Plaintiff has unclean hands.

 n. Whether any amount the Plaintiff is owed is so slight that it is "de minimis", and thus not compensable under the FLSA

7. <u>STATEMENT OF THE ISSUES OF LAW ON WHICH THERE IS AGREEMENT:</u>

 a. That Defendant, Waterfront Construction Inc., is an enterprise engaged in commerce subject to the requirements of the FLSA.

    b.    That Defendant, Waterfront Construction Inc., was Plaintiff's "employer" as the term is used in the FLSA.

8. <u>ISSUES OF LAW REMAINING FOR DETERMINATION BY THE COURT:</u>

    a.    Whether the Defendant, Jorge Rivas, was Plaintiff's "employer" as the term is used in the FLSA

    b.    Whether Defendants, Waterfront and Jorge Rivas, jointly employed Plaintiff.

    c.    If Plaintiff prevails at trial, whether the Court should award him liquidated damages post trial and the amount.

    d.    If Plaintiff prevails at trial, the entitlement, amount of attorneys' fees and costs to be awarded to Plaintiffs against the Defendants.

9. <u>TRIAL EXHIBITS AND WITNESSES:</u>

    a.    <u>For Plaintiffs</u>.

    Plaintiffs' Witness List is appended hereto as Exhibit "A".

    Plaintiffs' Exhibit List is appended hereto as Exhibit "B

    b.    <u>For Defendant</u>s.

    Defendants' Witness List is appended hereto as Exhibits "C."

    Defendants' Exhibit List is appended hereto as "D."

10. <u>PRETRIAL STIPULATION</u>:

The parties stipulate that during the trial of the case, including during voir dire, there will be no evidence or argument regarding:

    a.    That there will be no evidence, argument, or inferences at trial regarding attorneys' fees.

  b.  That there will be no evidence, argument, or inferences at trial regarding Defendants' ability or inability to satisfy a judgment.

  c.  That there will be no evidence, argument, or inferences at trial regarding any workers' compensation claims filed by Plaintiffs or resolved by Defendants; and/or

  d.  That there will be no evidence, argument, or inferences at trial regarding Mr. Rivas' father's cancer.

11. <u>ESTIMATED TRIAL TIME</u>:

3 days.

12. <u>EXPERT WITNESSES</u>:

Neither the Plaintiffs nor the Defendants disclosed any expert witnesses.

13. <u>ATTORNEYS' FEES</u>:

  A. *Plaintiff*.

  Plaintiff anticipates that he will have incurred at over $70,000 in attorneys' fees and costs through trial and pre-trial motions. Defendant disputes this.

  B. *Defendants*.

Defendant maintains that is can recover attorney's fees in the event Plaintiff's claim is frivolous, where Plaintiff knew or should have known that the Defendants were not employers under the FLSA. Plaintiff maintains that Defendants have no ability to recover attorneys' fees if they were to prevail in this action pursuant to the FLSA.

Dated this 12th day of March 2021.

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel:    305.230.4884
*Counsel for Plaintiff*


s/John B. Agnetti, Esq.
John B. Agnetti, Esq.
Fla. Bar No. 359841
john@hlalaw.com
Daniel H. Kent, Esq.
Fla. Bar No. 443130
dkent@hlalaw.com
HOFFMAN, LARIN & AGNETTI, PA
909 North Miami Beach Blvd.
Suite 201
Miami, FL 33162
Tel:    305.653.5555
*Counsel for Defendants*