UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-CV-20698-WILLIAMS/TORRES

JORGE DELGADO MEDINA,

    Plaintiff,

vs.

WATERFRONT CONSTRUCTION INC., and
JORGE RIVAS,

    Defendants.
_____/

## PLAINTIFFS' MOTION TO STRIKE
## DEFENDANTS' AFFIRMATIVE DEFENSES NOS. 4, 5 AND 6

Plaintiff, Jorge Delgado Medina, through his undersigned counsel and pursuant to Rules 8(a) and 12(f) of the Federal Rules of Civil Procedure, Local Rule 7.1, and other applicable Rules and laws, requests the Court to enter an Order Striking the Fourth, Fifth and Sixth Affirmative Defenses asserted by Defendants, Waterfrong Construction Inc. and Jorge Rivas, based upon the following good cause:

    1.    Mr. Delgado Medina sued Defendants for violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, by not paying him the overtime wages that he earned. [ECF No. 1.]

    2.    Mr. Delgado Medina filed an Amended Complaint to clarify some of the allegations, again seeking recovery of his unpaid overtime wages, with the Court's permission. [ECF Nos. 35, 37].

    3.    Mr. Delgado Medina filed his Amended Complaint after the close of discovery.

    4.    Defendants responded to the Amended Complaint with their Answer in which they,

1

as pertinent herein, asserted seven (7) "Affirmative Defenses".[1] [ECF No. 40.]

5. The fourth, fifth, and sixth affirmative defenses on which Defendants purport to rely are either mere legal conclusions or not legally recognized defenses to FLSA overtime claims, and so they must be stricken.

6. Consequently, Mr. Delgado Medina requests the Court to strike the fifth and sixth Affirmative Defenses as not legally cognizable.

WHEREFORE Plaintiff, Jorge Delgado Medina, requests the Court to enter an Order striking the fifth and sixth Affirmative Defenses pled by Defendants, Waterfront Construction Inc. and Jorge Rivas, based on the foregoing Motion and the following Memorandum of Law and to award such other and further relief as the Court deems just and proper.

## MEMORANDUM OF LAW

### I. *Introduction*

This should be a rather straightforward case in which Defendants failed to properly pay Mr. Delgado Medina for the hours he worked at the various construction sites for them. Mr. Delgado Medina seeks recovery of his unpaid overtime wages and liquidated damages pursuant to the FLSA. Defendants seek to avoid liability to Mr. Delgado Medina by claiming that he somehow failed to mitigate his damages, that waived or is estopped from claiming his overtime pay, or that he has "unclean hands". [ECF No. 40 at 3.] Since none of these is a viable defense, let alone as pled, Mr. Delgado Medina asks that the Court enter an Order striking Defendants' fourth, fifth, and sixth Affirmative Defenses.

---

[1] Defendants denied many of the allegations in their Answer to the Amended Complaint, notwithstanding their having stipulated to many of the facts alleged. [*Cf.* ECF Nos. 37, 39, 40.]

2

## II. *The Law*

Rule 12(f) of the Federal Rules of Civil Procedure expressly provides that, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." As summarized by the Court in *S.D. v. St. Johns County Sch. Dist.*, 2009 WL 1941482, at *1 (M.D. Fla. July 7, 2009), "An 'immaterial matter' is one that has no important relationship to the claim or defense and an 'impertinent' matter is one that does not pertain to the issue(s) in question." *Citing 126th Avenue Landfill, Inc. v. Pinellas County*, 2009 WL 1544030, at *2–3 (M.D. Fla. June 3, 2009); *also citing* Wright & Miller Wright & Miller, Federal Practice & Procedure: Civil § 1382 at 458–63 (3d ed. 2004). In responding to a pleading, a party must admit or deny the allegations asserted against it by an opposing party. Fed. R. Civ. P. 8(b)(1)(B).

Although a defendant is not obligated to set forth detailed and particular facts, Rule 8(a) of the Federal Rules of Civil Procedure requires a Defendant to nonetheless give "fair notice" of the defense and "the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007); *accord Conley v. Gibson*, 355 U.S. 41, 47 (1957). This means that a defendant's affirmative defense "must do more than make conclusory allegations." An affirmative defense must be stricken when it is "insufficient as a matter of law". *Home Mgmt. Sols., Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007). "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002).

### III. *Argument*

The fourth, fifth, and sixth affirmative defenses are issue are not legally viable in the context of the FLSA claims pled. Consequently, the Court properly strikes these affirmative defenses from this FLSA case because they are not viable. Magistrate Judge Torres recognized as follows with respect to pleading affirmative defenses:

> "Furthermore, a court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F.Supp.2d 1314, 1318 (S.D. Fla. 2005). An affirmative defense should only be stricken with prejudice when it is insufficient as a matter of law. *See Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) (citing *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976) ). Otherwise, district courts may strike the technically deficient affirmative defense without prejudice and grant the defendant leave to amend the defense. *Microsoft Corp.*, 211 F.R.D. at 684.

*Gomez v. 1131 Kent, LLC*, 2019 WL 498745, at \*2 (S.D. Fla. Feb. 8, 2019) (motion denied on other grounds, *i.e.*, the failure to comply with Local Rule 7.1.) Neither the fourth, fifth, or sixth Affirmative Defenses are viable, let alone as pled. Consequently, the Court should strike the fourth, fifth, and sixth Affirmative Defenses asserted by Defendants, Waterfront Construction Inc. and Jorge Rivas, as inadequately pled and/or legally insufficient as a matter of law:

**FOURTH AFFIRMATIVE DEFENSE**

**The Plaintiff failed to take reasonable steps to mitigate his damages.**

In FLSA overtime cases, "mitigation of damages" is not a viable defense. *See e.g.*, *Gonzalez v. Spears Holdings, Inc.*, 2009 WL 2391233 \* 3 (S.D. Fla. 2009) (citing *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F.Supp.2d 1314, 1319 (S.D. Fla. 2005) (holding it would contradict the purposes of the FLSA if an employee were required, after working overtime hours, to secure alternative employment to mitigate his damages)); *see also Perez–Nunez v. North Broward Hospital District*, 2009 WL 723873 \* 2 (S.D. Fla. March 13, 2009) (holding a duty to mitigate damages

4

defense fails as a matter of law where Plaintiff failed to mitigate damages by failing to timely disclose any alleged violation to her employer so that the terms of her employment could be corrected). Since Defendants had the non-delegable duty to comply with the FLSA, and to pay Mr. Delgado Medina the overtime wages he earned, there is nothing that Mr. Delgado Medina could have done to mitigate his damages as a matter of law. Accordingly, the Defendant's First Affirmative Defense is properly stricken as a matter of law.

## FIFTH AFFIRMATIVE DEFENSE

**Plaintiff through representations or actions has waived his right to sue the Defendants for overtime pay or is estopped from recovering back pay or liquidated damages.**

Defendants pled the affirmative defenses of waiver and estoppel in response to the Amended Complaint as their fifth affirmative defense. [ECF No. 40.] Although Defendants had the benefit of conducting full discovery in this case, they pled no facts in support of their defenses. The lack of any facts, coupled with the legal inapplicability of the defenses, requires that the Fifth Affirmative Defense be stricken.

In *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F.Supp.2d 1314, 1320 (S.D. Fla. 2005), this Court determined that the affirmative defenses of waiver and estoppel were generally inapplicable to FLSA overtime claims. This Court re-affirmed the striking of the affirmative defenses of waiver and estoppel in FLSA cases in *Alvarez v. Catered Fit Corp.*, 2017 WL 8794600, at *2 (S.D. Fla. June 1, 2017), when the Court held as follows:

> The First and Second Affirmative Defenses are due to be stricken because the affirmative defenses of waiver and estoppel are not available in an FLSA action for unpaid wages. *See Moore v. Live Cheap, LLC*, No. 1:15-CV-22264-UU, 2015 WL 12805689, at *2 (S.D. Fla. Aug. 26, 2015) (striking affirmative defenses of waiver, estoppel, and unclean hands "[b]ecause these defenses are not permitted under FLSA"); *Gonzalez v. Spears Holdings, Inc.*, No. 09-60501-CIV, 2009 WL 2391233, at *3 (S.D. Fla. July 31, 2009) ("The doctrines of

5

waiver, estoppel, laches, and accord and satisfaction, however, are generally not applicable to FLSA claims.").

As to the affirmative defense of waiver, this Court specifically found that such a defense was unavailable to FLSA defendants as a matter of law:

> **As to waiver, however, because the FLSA and its provisions are mandatory, they are not subject to waiver**. *Caballero v. Lantern Motors, Inc.*, No. 2:14-cv-641, 2015 WL 3407913, at *2-3, 2015 U.S. Dist. LEXIS 68289, at *5-6 (M.D. Fla. May 27, 2015) (citing *Groves v. Patricia J. Dury, M.D., P.A.*, No. 2:06-cv-338, 2006 WL 2556944, at *1, 2006 U.S. Dist. LEXIS 39208, at *2 (M.D. Fla. Sept. 1, 2006)). As such, **waiver is generally unavailable as an affirmative defense to a claim under the FLSA**. *Id.* Additionally, the affirmative defense of laches is also unavailable in FLSA cases. *Groves*, 2006 WL 2556944, at *1-2, 2006 U.S. Dist. LEXIS 39208, at *4 (citing *Morrison*, 434 F. Supp. 2d at 1320). **The *1196 affirmative defenses of waiver and laches are stricken without leave to amend**. [*Emphasis added*.]

*Dionisio v. Ultimate Images & Designs, Inc.*, 391 F. Supp. 3d 1187, 1195–96 (S.D. Fla. 2019).

It is clear that the defenses of waiver and estoppel are not viable as a matter of law and should be stricken.

## SIXTH AFFIRMATIVE DEFENSE

**The Plaintiff has unclean hands.**

Generally, the defense of unclean hands is "not permitted under FLSA". *Moore v. Live Cheap, LLC*, 2015 WL 12805689, at *2 (S.D. Fla. Aug. 26, 2015). The reason is because unclean hands is an equitable defense that is not available to defeat a statutory claim. *Bailey v. TitleMax of Georgia, Inc.*, 776 F.3d 797, 804 (11th Cir. 2015). The FLSA only affords legal and not equitable relief. *Bailey v. Gulf Coast Transp., Inc.*, 280 F.3d 1333, 1335 (11th Cir. 2002). Therefore, unclean hands is not an available defense to Mr. Delgado Medina's FLSA overtime claim.

Defendants are not entitled to rely on the defense of unclean hands from a factual standpoint, either, because Defendants did not identify any conduct in their sixth affirmative sefense that was "directly related" their failure to pay him overtime wages. Defendants failed to

6

allege any facts in it whatsoever. The sixth affirmative defense fails because it does not satisfy either of the necessary requirements to state a claim for unclean hands:

> For a defendant to successfully avail itself of the doctrine of unclean hands, it must satisfy two requirements. First, the defendant must demonstrate that the plaintiff's wrongdoing is directly related to the claim against which it is asserted. *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245, 54 S.Ct. 146, 147-48, 78 L.Ed. 293 (1933). Second, even if directly related, the plaintiff's wrongdoing does not bar relief unless the defendant can show that it was personally injured by her conduct. *Mitchell Bros. Film Group v. Cinema Adult Theater*, 604 F.2d 852, 863 (5th Cir.1979), *cert. denied*, 445 U.S. 917, 100 S.Ct. 1277, 63 L.Ed.2d 601 (1980).

*Calloway v. Partners Nat. Health Plans*, 986 F.2d 446, 450-51 (11th Cir. 1993). Defendants can only avail themselves of the defense of unclean hands if they can show that Mr. Delgado Medina did (or did not do) something that caused them not pay him the overtime she earned. As this Court previously recognized:

> A recent decision from the Southern District of Florida analyzes what "directly related" means: it is not just the same kind of conduct, but that the "connection between the unclean-hands conduct and the matter in litigation is to be very close." *Gastaldi v. Sunvest Resort Communities, LC*, 2010 WL 457243, *9 (S.D. Fla. Feb.3, 2010). The "matter in litigation" to must be the actual basis of the plaintiff's claiMr. *Id*.

*Royal Palm Properties, LLC v. Premier Estate Properties, Inc.*, 2010 WL 3941745, at *2 (S.D. Fla. Oct. 6, 2010). The sixth affirmative defense fails as a matter of both fact and law, and so it is properly stricken.

### IV. *Conclusion*

For the reasons set forth above, Mr. Delgado Medina requests the Court to enter an Order striking Defendants' fourth, fifth, and sixth affirmative defenses as legally untenable. Mr. Delgado Medina requests that these affirmative defenses be stricken with prejudice.

**RULE 7.1 CERTIFICATION**

Counsel for the movant has conferred with all parties or non-parties ho may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion, but Defendants would not agree to the relief requested herein.

Dated this 7th day of April 2021 .

s/Brian H. Pollock, Esq.<br>
Brian H. Pollock, Esq. (174742)<br>
brian@fairlawattorney.com<br>
FAIRLAW FIRM<br>
7300 N. Kendall Drive<br>
Suite 450<br>
Miami, FL 33156<br>
Tel:    305.230.4884<br>
*Counsel for Plaintiff*