UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-CV-20698-TORRES [*CONSENT CASE*]

JORGE DELGADO MEDINA,

    Plaintiff,

vs.

WATERFRONT CONSTRUCTION INC. and
JORGE RIVAS,

    Defendants.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT
## AND FOR DISMISSAL WITH PREJUDICE

Plaintiff, JORGE DELGADO MEDINA, and Defendants, WATERFRONT CONSTRUCTION INC. and JORGE RIVAS (collectively referred to as the "Parties"), by and through their respective undersigned counsel, and file this Joint Motion To Approve Settlement And For Dismissal With Prejudice. In support thereof, the Parties state as follows:

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, Jorge Delgado Medina, filed this lawsuit seeking overtime wages he claims are due to him. [ECF Nos. 1, 37.] Defendants denied that Mr. Rivas employed Plaintiff and further denied that they owed him any overtime wages. [ECF No. 9, 40.] The parties attended a mediation back on June 3, 2020, but that mediation resulted in an *impasse*. Thereafter, this Court presided over a settlement conference in this case back on November 4, 2020, again resulting in an *impasse*. The parties did not settle their dispute, and so the case proceeded along towards trial. The parties then engaged in pre-trial practice, which included the conduct of depositions, a discovery hearing, written discovery, the submission of a Motion in Limine, a Motion to Strike Affirmative Defenses, and then the submission

of an initial and then a revised pre-trial stipulation (along with the additional materials required to be submitted).

Shortly before the parties were to attend their second pre-trial conference, they came to a resolution of their claims. The Settlement Agreement being submitted to the Court for *in camera* review will have the effect of resolving the three lawsuits. Since this lawsuit included an FLSA claim, the parties respectfully request the Court's review and approval of the Settlement Agreement pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

The settlement of this case represents a fair and reasonable compromise. Further litigation and an ultimate trial were weighed against the risks inherent in trial, collection of the judgment against Mr. Rivas, and other factors. To the extent that Plaintiff compromised her claim, his counsel compromised his claim for attorneys' fees in an effort to facilitate resolution of the three cases. Moreover, all parties have stipulated in the Settlement Agreement that the attorneys' fees and costs are fair and reasonable.

## **MEMORANDUM OF LAW**

FLSA claims may be settled, compromised, or released by an employee upon judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1353-54 (11th Cir. 1982).

Plaintiff and Defendants respectfully request that the Court approve the Settlement Agreement and dismiss Plaintiff's case with prejudice, with each party to bear its own costs, fees and expenses (except as otherwise set forth in the parties' Settlement Agreement). The Parties respectfully submit

that the agreed-upon terms of the Settlement Agreement are fair and reasonable in light of the relevant factors. The parties further stipulate to the dismissal with prejudice of this action upon approval by the Court of the Settlement Agreement and upon further condition that the Court retain jurisdiction over this matter for a period of 18 months to enforce the parties' Settlement Agreement.

WHEREFORE Plaintiff, JORGE DELGADO MEDINA, and Defendants, WATERFRONT CONSTRUCTION INC. and JORGE RIVAS, respectfully request that this Court enter an Order: (i) approving the Settlement Agreement; (ii) finding that the Settlement Agreement is a fair and reasonable resolution of this matter; (iii) dismissing this Action with prejudice; (iv) retaining jurisdiction for 18 months to enforce the settlement agreement; and (v) such other and further relief the Court deems equitable and just.

Dated this --- day of June 2021.

| | |
|---|---|
| s/Brian H. Pollock, Esq. | s/John B. Agnetti, Esq. |
| Brian H. Pollock, Esq. (174742) | John B. Agnetti, Esq. |
| brian@fairlawattorney.com | Fla. Bar No. 359841 |
| FAIRLAW FIRM | john@hlalaw.com |
| 135 San Lorenzo Avenue | Daniel H. Kent, Esq. |
| Suite 770 | Fla. Bar No. 443130 |
| Coral Gables, FL 33146 | dkent@hlalaw.com |
| Tel:   305.230.4884 | HOFFMAN, LARIN & AGNETTI, PA |
| *Counsel for Plaintiff* | 909 North Miami Beach Blvd. |
| | Suite 201 |
| | Miami, FL 33162 |
| | Tel:   305.653.5555 |
| | *Counsel for Defendants* |